GEORGE J. KEYES, Individually and as County Auditor of the County of Monroe, Plaintiff, *v.* COUNTY OF MONROE and Others, Defendants.

Fourth Department, February 13, 1936.

*J. Emmett O'Brien*, for the plaintiff.

*Harry Rosenberg, Monroe County Legal Adviser* [*Adolph J. Rodenbeck* of counsel], for the defendants.

CROSBY, J. This case is a companion to the case of *Morrall* v. *County of Monroe*, in which case a decision has just been handed down (247 App. Div. 76). In the instant case but little need be added to what was said in the opinion in the *Morrall* case. There is this difference between the two cases: In the *Morrall* case, by the terms of article 2-A of the County Law, the county treasurer was continued in office during the term for which he was elected; only his duties and responsibilities were changed. In the instant case the county auditor is not continued in office by article 2-A of the County Law, which provides for the transfer of all his duties to the director of finance. The county auditor is not an elective officer; therefore, this plaintiff does not have the benefit of the provisions of section 7-b of article 2-A of the County Law which continues

elective officials in office for the balance of their elective terms. By section 7-r of the law the commissioner of public welfare, though not an elective officer, is continued in office under the new title of director of public welfare. But there is nothing in article 2-A to save the county auditor. His is not a constitutional office; it was not even created by the Legislature excepting indirectly. Plaintiff was appointed to the office by the board of supervisors pursuant to the authority of section 215 of the County Law. The board of supervisors can abolish the office.

What was said in our opinion in the *Morrall* case applies here, and, in addition to the cases there cited, the following are in point: *People ex rel. Taylor* v. *Dunlap* (66 N. Y. 162); *Matter of Allison* v. *Welde* (172 id. 421); *Wilcox* v. *McClellan* (185 id. 9).

Determination of the matters set forth in the stipulation should be made favorably to the defendants, and, pursuant to the stipulation, no costs should be awarded.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Submitted controversy determined in favor of defendants, without costs.

Upon oral motion made after decision was rendered: Motion for leave to appeal to the Court of Appeals granted.